**In re SOUTHERN GAS & ELECTRIC CORPORATION (No. 2).**

Railroad & Public Utilities Commission.

August 27, 1953.

Lewis W. Petteway, Tallahassee, for the Commission.

Chairman JERRY W. CARTER, Commissioner WILBUR C. KING and Commissioner RICHARD A. MACK participated in the disposition of this case.

BY THE COMMISSION.

In an order entered on October 27, 1952 the commission granted the petition of Southern Gas & Electric Corporation of Sarasota for an increase in its gas rates to the extent and in accordance with the rates proposed by the corporation. The order directed the corporation to file with the commission a schedule of such increased rates for inclusion in and as a part of its tariffs.

In an order entered on August 14, 1952 [reported in 2 Fla. Supp. 40] the commission authorized the utility to apply a multiplying factor to all meter readings upon increasing the heating value of the gas furnished to its customers. Such increase in heating value was to be accomplished through a change from furnishing carburetted water-gas to propane air gas.

The commission has made an investigation of the plant of Southern Gas & Electric Corporation and its production and distribution methods. Prior to August, 1952, this company was en-

gaged in the manufacture of carburetted water-gas as aforesaid. At that time it converted its operation from the manufacture of gas to the furnishing to its customers through its facilities of propane air gas, which is a liquefied petroleum gas. The utility has advised the commission that it has no intention of reverting to manufactured gas and that it will manufacture none in the foreseeable future—that future expenditures will be devoted to the expansion of propane air gas equipment.

Under chapter 366, Florida Statutes 1951, jurisdiction is placed in this commission to regulate and supervise each public utility with respect to its rates, service and issuance and sale of securities. Section 366.02 specifically states that the term "public utility" does not include a person (which term would also include a corporation) supplying liquefied petroleum gas, in either liquid or gaseous form, irrespective of the method of distribution or delivery, unless such person also supplies electricity, manufactured or natural gas.

Since Southern Gas & Electric Corporation is now engaged entirely in the distribution of liquefied petroleum gas and such company does not supply electricity, manufactured or natural gas, it is apparent that it is no longer under the regulatory jurisdiction of this commission.

It is therefore ordered that all tariffs heretofore filed by Southern Gas & Electric Corporation with this commission be and they are hereby cancelled.